IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. No. 06-000198 SOM (06) |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER AFFIRMING MAGISTRATE |
| vs. | ) | JUDGE'S ORDER DENYING |
| | ) | DEFENDANT MICHA TERRAGNA'S |
| DOUGLAS GILMAN, SR.,(01) | ) | MOTION FOR RELIEF FROM |
| DOUGLAS GILMAN, JR.,(02) | ) | PREJUDICIAL JOINDER, OR IN |
| KEVIN BRUNN,    (05) | ) | THE ALTERNATIVE, MOTION TO |
| MICHA TERRAGNA,  (06) | ) | SEVER |
| WILLIAM GILMAN,  (08) | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING
DEFENDANT MICHA TERRAGNA'S MOTION FOR RELIEF FROM
PREJUDICIAL JOINDER, OR IN THE ALTERNATIVE, MOTION TO SEVER

I.      INTRODUCTION.

        Defendant Micha Terragna is charged with one count of
operating an illegal gambling business in violation of Haw. Rev.
Stat. § 712-1221 and 18 U.S.C. § 1955 (Count 1), and four counts
of extortion in violation of 18 U.S.C. §§ 1951, 2 (Counts 3
through 6).[1]  Terragna argued to Magistrate Judge Kevin S.C.
Chang that Counts 3 through 6 were improperly joined in this
action with Counts 1 and 2, or, alternatively, that Counts 1 and
2 should be tried separately from Counts 3 through 6.  Magistrate

_____

        [1]The Indictment contains a total of six counts.  Count 2,
with which Terragna is not charged, alleges the obstruction of
state criminal laws with the intent to facilitate an illegal
gambling business.  Indictment at 2-5.

Judge Chang disagreed, noting that the evidence required to prove all counts of the Indictment was "substantially the same."  Order Denying Defendant's Motion (August 30, 2007) ("Order") at 2.

Terragna now appeals that Order, citing Rule 8(b) of the Federal Rules of Criminal Procedure.[2]  Terragna claims that there is no logical relationship between the illegal gambling operation charge in Count 1 and the extortion charges in Counts 3 through 6.  In the alternative, Terragna contends that, even if joinder if proper under Rule 8(b), she will be prejudiced by the joinder of offenses and they should therefore be tried separately from each other under Rule 14(a) of the Federal Rules of Criminal Procedure.  The court disagrees with Terragna and affirms Magistrate Judge Chang.

II.      <u>LEGAL STANDARD.</u>

Pursuant to 28 U.S.C. § 636(b)(1) and Criminal Local Rule 57.3(b), a party may appeal to the district judge any pretrial nondispositive matter determined by a magistrate judge. Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge's order may be

---

[2]Rule 8(a) of the Federal Rules of Criminal Procedure governs joinder of offenses against a single defendant, and the Ninth Circuit has held that Rule 8(b) governs joinder of offenses when two or more defendants are charged.  <u>United States v. Satterfield</u>, 548 F.2d 1341, 1344 (9th Cir. 1977) ("Where more than one defendant is named in an indictment, the provisions of rule 8(b) control.").  Because Terragna is charged along with eight others--Douglas Gilman, Sr., Douglas Gilman, Jr., Charles Gilman, John Saguibo, Kevin Brunn, Bryson Apo, William Gilman, and Glenn Miram (collectively, "Defendants")--this court analyzes the joinder of offenses under Rule 8(b).

reversed by the district judge only if it is "clearly erroneous
or contrary to law."  The threshold of the "clearly erroneous"
test is high.  <u>United States v. U.S. Gypsum Co.</u>, 333 U.S. 364,
395 (1948) ("A finding is 'clearly erroneous' when although there
is evidence to support it, the reviewing court on the entire
evidence is left with the definite and firm conviction that a
mistake has been committed."); <u>Thorp v. Kepoo</u>, 100 F. Supp. 2d
1258, 1260 (D. Haw. 2000) (the clearly erroneous standard is
"significantly deferential, requiring a definite and firm
conviction that a mistake has been committed").

III.    <u>BACKGROUND FACTS.</u>

Count 1 alleges that between November 2004 and March
31, 2005, Defendants participated in an illegal gambling
business.  Indictment at 1-2.  The illegal gambling business,
located on Oahu, allegedly involved cockfighting, craps, and card
games, involved more than five people, operated for over 30 days,
and had gross revenues exceeding $2,000 in a single day.  <u>Id.</u>

Terragna is not charged in Count 2, which alleges a
conspiracy to obstruct state criminal law with the intent to
facilitate an illegal gambling business.  Indictment at 2-5.

In addition to being charged in Count 1 with
participating in an illegal gambling business, Terragna is also
charged with four counts of extortion, in violation of the Hobbs
Act.  Counts 3 to 6 of the Indictment allege that Terragna, along

3

with Honolulu police officer Kevin Brunn, did "knowingly and intentionally attempt to obstruct, delay and affect interstate and foreign commerce by means of extortion," in violation of 18 U.S.C. § 1511.  Indictment at 6-7.  Terragna and Brunn were allegedly receiving money from Charles Gilman, one of the operators of the gambling business, "in exchange for the performance and nonperformance of official acts by Brunn."  Id. Specifically, the Indictment alleges that (1) Brunn warned a cockfight operator of scheduled raids by the Honolulu Police Department's gambling detail and (2) Terragna and Brunn threatened Gilman, claiming that he was not in prison on state drug charges because of Brunn's efforts.  Id.

IV.      ANALYSIS.

        A.    Joinder of Count 1 And Counts 3 To 6 Is Permitted
              By Rule 8(b).

        Terragna argues that Magistrate Judge Chang erred in concluding that joinder of Count 1 with Counts 3 to 6 was permitted under Rule 8(b) of the Federal Rules of Criminal Procedure.  Terragna contends that the "the court erred when it found that the evidence required to prove Counts 1 and 2 is substantially the same to prove Counts 3 through 6."  Appeal and Request to Reconsider Pretrial Matter ("Appeal") at 3.  Because existence of an illegal gambling business is an element of the crime that must be proven for both Counts 1 and 2, but not Counts 3 to 6, Terragna argues that the Government failed to show that

4

substantially the same evidence is necessary for each of the joined offenses.  Id. at 6.  This court concludes that joinder of offenses was proper and that Magistrate Judge Chang committed no error in so ruling.

Rule 8(b) of the Federal Rules of Criminal Procedure provides:

> The indictment or information may charge 2 or
> more defendants if they are alleged to have
> participated in the same act or transaction,
> or in the same series of acts or
> transactions, constituting an offense or
> offenses.  The defendants may be charged in
> one or more counts together or separately.
> All defendants need not be charged in each
> count.

In applying Rule 8(b), the Ninth Circuit "look[s] to the phrase 'same series of acts or transactions constituting an offense or offenses.'"  United States v. Vasquez-Velasco, 15 F.3d 833, 843 (9th Cir. 1994).  The term "transaction" is interpreted flexibly, and whether a "series" exists depends on whether there is a "logical relationship" between the transactions.  Id.  A logical relationship is typically shown "by the existence of a common plan, scheme, or conspiracy."  Id. at 844 (quoting United States v. Feliz-Gutierrez, 940 F.2d 1200, 1208 (9th Cir. 1991)).  "Mere factual similarity between events is not a sufficient basis for joinder, nor is the mere showing that the events occurred at about the same time or that the acts violated the same statute."  Id. at 843-44 (citing United States v. Ford, 632 F.2d 1354, 1372

(9th Cir. 1981); <u>United States v. Satterfield</u>, 548 F.2d 1341, 1344 (9th Cir. 1977)).

"Rule 8(b) should be construed broadly in favor of initial joinder." <u>Id.</u> at 844 (citing <u>Ford</u>, 632 F.2d at 1372; <u>Satterfield</u>, 548 F.2d at 1344). The goal of "'maximum trial convenience consistent with minimum prejudice' is best served by permitting initial joinder of charges against multiple defendants whenever the common activity constitutes a substantial portion of the proof of the joined charges." <u>Id.</u> (quoting <u>Ford</u>, 632 F.2d at 1372).

Terragna argues that Rule 8(b) joinder of Count 1 with Counts 3 to 6 is improper because the evidence required to prove the illegal gambling operation alleged in Count 1 does not substantially overlap the evidence required to prove the Hobbs Act violations alleged in Counts 3 to 6. Terragna argues that, although Count 1 is properly joined with Count 2 because "there is a near complete overlap of evidential proof" required to prove each offense, there is no such overlap between Count 1 and Counts 3 to 6. Appeal at 5.

The Indictment alleges that Terragna extorted money from cockfight operator Charles Gilman, "in exchange for the performance and nonperformance of official acts by [police officer] Kevin Brunn." Indictment at 6-7. Specifically, one of the methods by which Terragna and Brunn induced payment from

Gilman was by "warning one or more of the operators of the Waialua cockfights charged in Count 1 of this Indictment, of 'raids' by the Honolulu Police Department's gambling detail." Id. Terragna contends that joinder of Count 1 with Counts 3 to 6 is improper because evidence required to prove Counts 1 and 2-- namely the existence of the illegal gambling operation--is not required to prove Counts 3 to 6. The problem with Terragna's argument is that joinder is permitted even if the same evidence is not a required element of each joined offense.

In United States v. Sanchez-Lopez, 879 F.2d 541 (9th Cir. 1989), the Ninth Circuit held that the "logical relationship" required under Rule 8(b) of the Federal Rules of Criminal Procedure was satisfied if the same testimony was relevant to the joined charges. Id. at 551. In Sanchez-Lopez, defendants were charged in an eleven-count indictment with transportation of illegal aliens and conspiracy to distribute controlled substances. Id. at 546. The court found a logical relationship among the charges, accepting the Government's contention that "illegal aliens could thwart United States immigration laws if they [could] support themselves in this country through the money obtained through smuggling controlled substances." Id. at 551. Concluding that testimony regarding the transportation was relevant to both the alienage and the drug charges, the court upheld the joinder of the charges. Id.; cf.

7

United States v. Roselli, 432 F.2d 879, 899 (1970) (finding
joinder permissible when certain acts constituted a "substantial
part of the proof" of the joined charges).   The Ninth Circuit
upheld the joinder even though not all the defendants were
involved with the transportation.   Sanchez-Lopez, 879 F.2d at
551; see also Roselli, 432 F.2d at 899 ("It is implicit in the
language of Rule 8(b) that so long as all defendants participate
in a series of acts constituting an offense or offenses, the
offenses and defendants may be joined even though not all
defendants participated in every act constituting each joined
offense.").

        In the present case, testimony regarding operation of
the illegal gambling business, though not a required element of
the Hobbs Act violations, is relevant to establishing how and why
Terragna and Brunn allegedly extorted money from Waialua
cockfight operator, Charles Gilman.   Had there been no illegal
gambling business, Defendant Terragna would not have had the same
opportunity to engage in the alleged Hobbs Act violations.   While
not a required element of each charged offense, the alleged
illegal gambling business "is central to all of the counts in the
Indictment."   Order at 2.   Accordingly, the Magistrate Judge
correctly found a "logical relationship" between Count 1 and
Counts 3 to 6, making joinder of those counts appropriate.   See
Vasquez-Velasco, 15 F.3d at 844 (noting that a logical

relationship is typically shown "by the existence of a common plan, scheme, or conspiracy").

        B.   <u>Joinder of Offenses is Permitted By Rule 14(a).</u>

Terragna also contends that the Magistrate Judge erred in "denying the motion for severance based on unfair prejudice." Appeal at 6. Terragna claims that evidence admissible as to Counts 3 to 6 would be inadmissible as to Count 1 under Rule 404(b) of the Federal Rules of Evidence ("Fed. R. Evid."),[3] and that evidence admissible as to Count 1 would be inadmissible hearsay as to Counts 3 to 6. Terragna claims that introduction of such evidence would be "unfairly prejudicial," warranting severance under Rule 14 of the Federal Rules of Criminal Procedure. <u>Id.</u> at 7. The court disagrees.

Rule 14(a) provides: "If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "Rule 14 recognizes that joinder, even when proper under Rule 8(b), may prejudice either a defendant or the Government." <u>Zafiro v. United States</u>, 506 U.S. 534, 538-39 (1993). However, "Rule 14

---

[3]Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b).

does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." Id. at 538.

According to the Supreme Court, "when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539. The Ninth Circuit says, "The ultimate question is whether under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct." United States v. Campanale, 518 F.2d 352, 359 (9th Cir. 1975).

"The burden of demonstrating prejudice is a difficult one." Id. "The defendant must demonstrate that the joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate trial." United States v. Sherlock, 962 F.2d 1349, 1360 (9th Cir. 1989). The Ninth Circuit further held:

> [The defendant] must also show violation of
> one of his substantive rights by reason of
> the joint trial:  unavailability of full
> cross-examination, lack of opportunity to

> present an individual defense, denial of
> Sixth Amendment confrontation rights, lack of
> separate counsel among defendants with
> conflicting interests, or failure properly to
> instruct the jury on the admissibility of
> evidence as to each defendant.

Id. (citing United States v. Escalante, 637 F.2d 1197, 1201 (9th

Cir. 1980)).  The defendant "must show more than the fact that a

separate trial might offer him a better chance of acquittal."

Campanale, 518 F.2d at 359.  "The risk of prejudice will vary

with the facts in each case."  Zafiro, 506 U.S. at 539.

Terragna argues that she will be prejudiced because

evidence admissible as to some counts would be inadmissible as to

other counts.  Appeal at 7.  Terragna points to three distinct

categories of evidence: (1) evidence of alleged threats to

Gilman; (2) evidence of alleged receipt of money as a product of

alleged threats to Gilman; and (3) wiretap conversations between

Gilman and John Saguibo.  Id. at 7-8.  With respect to two

categories of evidence, Terragna claims that introduction of such

evidence, admissible only as to Counts 3 to 6, would increase the

likelihood that the jury would also convict her on Count 1.  See

id. at 7.  While wiretap conversations might be admissible as to

Count 1, Terragna argues that such evidence would be inadmissible

hearsay as to Counts 3 to 6 and could deprive her of her Sixth

Amendment right of confrontation in the event co-defendants

Gilman and Saguibo declined to testify at trial.

In Roselli, the Ninth Circuit addressed a similar argument regarding admissibility of evidence on different charges.  In that case, the defendants faced two conspiracy counts and one count of making false statements in income tax returns.  Roselli, 432 F.2d at 884.  Evidence of past tax returns was admissible only with respect to the latter charge, but the Ninth Circuit upheld joinder, finding evidence that some of the participants in the alleged scheme had failed to report income on past tax returns unlikely to prejudice the defendants with respect to their conspiracy charges.  See id. at 901.  "Because the area of proof that would be inadmissible at separate trials was relatively small, any additional prejudice to the defendants from joinder was slight."  Id. at 899.  The court noted that the trial court "carefully instructed the jury about the compartmentalization of the evidence."  Id. at 902; see also Vasquez-Velasco, 15 F.3d at 846 ("In assessing whether joinder was prejudicial, of foremost importance is whether the evidence . . . is easily compartmentalized.").  While evidence of falsified tax returns might have increased the chances that the jury would find the defendants guilty of the conspiracy charges, the Roselli court found the prejudice insufficient to require severance under Rule 14.  See also Lutwak v. United States, 344 U.S. 604, 619 (1953) ("A defendant is entitled to a fair trial but not a perfect one.").

Similarly, evidence relating to the extortion charges against Terragna, inadmissible as to Count 1, will be "relatively small," to use the Roselli court's language, and any resulting prejudice likely to be slight.  Moreover, Terragna's alleged threats toward Gilman and alleged receipt of money from Gilman are "discrete acts that a jury could compartmentalize reasonably easily."  See Vasquez-Velasco, 15 F.3d at 846.  Even if the evidence introduced for Counts 3 to 6 might increase the likelihood that the jury would convict under Count 1, "limiting instructions[] often will suffice to cure any risk of prejudice." Zafiro, 506 U.S. at 539.  Accordingly, joinder of Count 1 with Counts 3 to 6 is unlikely to result in undue prejudice.

Lastly, Terragna contends that evidence of the wiretap conversation might be admissible under Count 1, but that admission of such evidence in connection with Counts 3 to 6 would deprive her of her Sixth Amendment right of confrontation in the event that Gilman and Saguibo declined to testify.  Appeal at 8. Even assuming that the wiretap conversation is introduced and Gilman and Saguibo decline to testify, introduction of this evidence is not necessarily a per se violation of Terragna's Sixth Amendment right of confrontation.  See Richardson v. Marsh, 481 U.S. 200, 211 (1987) ("the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession when . . . the confession is redacted to eliminate . .

13

the defendant's name"). Even if Terragna's name is not redacted, her argument does not suffice to meet her burden of showing that, absent severance, the trial will be "manifestly prejudicial." Sherlock, 962 F.2d at 1360. In Williamson v. United States, 310 F.2d 192 (9th Cir. 1962), the Ninth Circuit held that a "general unsupported assertion of prejudice was not enough to justify the severance of counts properly joined." Id. at 197. Similarly, in the present case, Terragna fails to even discuss how introduction of the wiretap conversations would be "manifestly prejudicial" with respect to Counts 3 to 6. Terragna says only that such evidence would deprive her of her Sixth Amendment right of confrontation. See Appeal at 8. On an issue on which she bears the burden, she does not, with this mere assertion, carry her burden.

This court is, in any event, prepared to address the issue of possible prejudice with limiting jury instructions. As in Zafiro, 506 U.S. at 541, this court will instruct the jury that it must give separate consideration to each defendant and to each separate charge against each defendant, and that each defendant is entitled to have his or her case determined from evidence applicable to him or her.[4] More specific limiting

_____

[4]The parties should meet and confer in an effort to jointly propose jury instructions, whether to be included in the charge to the jury at the end of the case or in the instructions to be given during trial. The court's standard criminal instructions include the above statements in the charge. In addition, if any

instructions referring expressly to the purposes for which specific evidence may be considered are also likely.  Presuming, as this court must, that the jury will follow the court's instructions, these instructions will address Terragna's concerns.  See id. at 540 (citing Richardson, 481 U.S. at 211); Matta Ballesteros, 71 F.3d at 771 ("Judicial economy justifies reliance on the jury to follow the instructions of the court that segregate the evidence and limit the applicability of the evidence to each defendant.").  Because Terragna has not met her burden of showing prejudice and because jury instructions can cure any possible prejudice, the court affirms the Magistrate Judge's Order denying Terragna's motion to sever.

---

party thinks it is appropriate for the court to take additional action (i.e., in camera review, redaction, etc.), then the party should make a formal request.

V.        CONCLUSION.

The court affirms the Magistrate Judge's Order Denying Defendant Micha Terragna's Motion for Relief from Prejudicial Joinder, Or in the Alternative, Motion To Sever.


IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 21, 2007.




   /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge


**United States v. Terragna**; CR. No. 06-00198 SOM (06); ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING DEFENDANT MICHA TERRAGNA'S MOTION FOR RELIEF FROM PREJUDICIAL JOINDER, OR IN THE ALTERNATIVE, MOTION TO SEVER.